UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRAMAR PEREZ, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FREMONT POLICE DEPARTMENT, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-11-4198 EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; AND FINDING AS MOOT DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket Nos. 7, 13)** |

　　　　Plaintiffs initiated this lawsuit against Defendants in state court. Defendants removed the action to this Court, after which Defendants filed a motion to dismiss and Plaintiffs a motion to remand. Currently pending before the Court are these two motions. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to remand. In light of the remand, Defendants' motion to dismiss is moot.

　　　　Defendants removed the instant action based on alleged federal question jurisdiction. However, in their complaint, Plaintiffs asserted only state law claims – namely, claims for wrongful death, negligent hiring and supervision, and negligent and intentional infliction of emotional distress. The fact that Plaintiffs included in their complaint an allegation that Defendants violated the decedent's civil rights under color of authority, *see* FAC ¶ 29, does not thereby convert their state law claims into federal ones. Plaintiffs are the master of their complaint and have chosen to advance only state law claims.

　　　　Further, the artful pleading doctrine is not applicable here. Defendants admit that 42 U.S.C. § 1983 does not preempt the state law claims and federal question is not a necessary element of any

of the state law claims. *See Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (stating that "[a] plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law"; adding that, "[c]onversely, the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.").

Defendants have expressed concern that, if the Court were to remand, Plaintiffs might subsequently amend their complaint to include a § 1983 claim. Defendants fear they will be deemed to have waived their right to again remove to federal court. At the hearing, Plaintiffs conceded that, if they were to amend in a § 1983 claim after remand, they could not assert a waiver argument given their representations to this Court. Moreover, 28 U.S.C. § 1446 provides that, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Samura v. Kaiser Health Plan Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989) (taking note of § 1446(b) and adding that "[t]he courts have read into the statute an exception for the case where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute substantially a new suit begun that day") (internal quotation marks omitted).

///
///
///
///
///
///
///
///
///

Accordingly, the Court grants Plaintiffs' motion to remand because federal subject matter jurisdiction is lacking over the instant case. Defendants' motion to dismiss is moot. The parties may take up with the state court the resolution of the motion to dismiss.

This order disposes of Docket Nos. 7 and 13.

IT IS SO ORDERED.

Dated: November 22, 2011

_____
EDWARD M. CHEN
United States District Judge